NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PFIZER INC., PHARMACIA & UPJOHN COMPANY, and PFIZER HEALTH AB, | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | **OPINION** |
| v. | Civil Action No. 07-CV-00174 (DMC) |
| IVAX PHARMACEUTICALS, INC., | |
| Defendant. | |
| IVAX PHARMACEUTICALS, INC., and TEVA PHARMACEUTICALS USA, INC., | |
| Counterclaim-Plaintiffs, | |
| v. | |
| PFIZER INC., PHARMACIA & UPJOHN COMPANY, and PFIZER HEALTH AB, | |
| Counterclaim-Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant IVAX Pharmaceuticals, Inc. ("IVAX") for reconsideration pursuant to L. Civ. R. 7.1(i). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that IVAX's motion for reconsideration is **denied**.

I.   **BACKGROUND**

This case concerns the enforceability of United States Patent No. 5,382,600 (the "'600 Patent") which was issued on January 17, 1995. The relevant factual background and procedural history are discussed in this Court's underlying Opinion issued on December 9, 2008, and they are hereby incorporated into this Opinion by reference. IVAX's motion for reconsideration of this Court's December 9, 2008, Opinion and Order concerns IVAX's inequitable conduct claim only. Plaintiffs Pfizer Inc., Pharmacia & Upjohn Company, and Pfizer Health AB ("Pfizer") submitted its response to IVAX's motion on January 7, 2009, after receiving an extension on December 30, 2008.

II.  **STANDARD OF REVIEW**

Motions for reconsideration in this District are governed by L. Civ. R. 7.1(i). Local Rule 7.1(i) provides that a party may file a motion for reconsideration "within ten (10) business days after entry of the Order or Judgment on the original motion by the Judge or Magistrate Judge." A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by a court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask

the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

### III.   DISCUSSION

IVAX seeks reconsideration of this Court's December 9, 2008, Opinion and Order based on its belief that the Court overlooked Dr. Lisbeth Nilvebrant's statement that a representation in her Declaration (the "Declaration") is not one she would have made as a scientist. IVAX further seeks reconsideration based on the argument that the Court did not find the Declaration to be "highly material" and therefore erred by not concluding that the high materiality of the Declaration, coupled with evidence IVAX alleges suggests that the '600 Patent applicants knew of the errors contained in the Declaration creates an inference of intent to deceive sufficient to withstand summary judgment.

Although IVAX does not identify which of the justifications for reconsideration it is arguing, based on the arguments asserted, and the fact that IVAX has not identified new law that contradicts the Court's initial Opinion, the Court assumes that IVAX is arguing that the Court's initial Opinion constitutes a clear error of law or that Dr. Nilvebrant's statement regarding the veracity of the research supporting the Declaration constitutes new evidence. Database Am., Inc., 825 F. Supp. at 1220.

Dr. Nilvebrant's statement regarding one of the representations in her Declaration as being one she would not have made as a scientist is not new evidence. IVAX brought this statement to the Court's attention in its papers submitted in connection with the summary judgment motion and the Court considered the statement while determining the summary judgment motion. Therefore, this argument does not support reconsideration.

With regards to clear error, IVAX's characterization of the Court's discussion regarding materiality is incorrect. IVAX extensively briefed the issue of "highly material" versus "material." The Court considered IVAX's arguments and decided that the errors and concerns identified were only material and not highly material, as evidenced by the fact that the Court did not use the term highly material. IVAX's argument conflates the materiality of the Declaration with the materiality of the errors and concerns IVAX raised. The Court did not discuss the materiality of the Declaration as a whole but rather only the materiality of the errors and concerns raised.

The errors and concerns are relevant with respect to the reliability of the Declaration however, they do not so undermined the Declaration such that the Declaration as a whole constitutes a misstatement or is invalid. In fact, although IVAX alleges that an insufficient amount of tests were performed to scientifically support the Declaration, testing was performed and these tests support the Declaration. IVAX's characterization of the Court's discussion of the errors IVAX identified as a discussion of the Declaration generally is inaccurate and confuses the issue. Although the Declaration may very well have been highly materially, the specific errors and concerns raised were not. Moreover, The Court agrees with IVAX that the Declaration should have been qualified however, many of the concerns that IVAX raised regarding the Declaration are readily evident from the Declaration and the materials submitted in support of it. Therefore, the FDA approval process should not be invalidated because of the Declaration.

Although this is sufficient to refute an argument that the Court erred, this argument also fails because IVAX did not demonstrated clear and convincing evidence of intent to deceive independent of materiality as required. See Purdue Pharma L.P. v. Endo Pharms. Inc, 438 F.3d 1123, 1133-34 (Fed. Cir. 2006); Abbott Labs. v. Sandoz, Inc., 544 F.3d 1341, 1353-55 (Fed. Cir. 2008).

IVAX's independent intent to deceive argument is based on an inference to be drawn from the fact that the '600 Patten was previously denied for obviousness. This argument was brought before the Court and considered as part of the summary judgment motion and therefore does not warrant reconsideration. It appears that in its reconsideration motion IVAX argues that the Court erroneously required an admission. This is not the case. Rather, the Court found that the errors in the Declaration did not appear to be sufficiently intentional nor important to infer an intent to deceive.

IVAX has not presented any new controlling law or fact which was not originally available nor has IVAX identified a manifest error which warrants reconsideration of this Court's original determination in this matter. Therefore, Plaintiff's motion for reconsideration pursuant to L.Civ. R. 7.1(i) is **denied**.

**IV.　CONCLUSION**

For the reasons stated, it is the finding of this Court that IVAX's motion for reconsideration pursuant to Fed. R. Civ. P. 7.1(i) is **denied**.

　　　　　　　　　　　　　　　　　　　　　　　　S/ Dennis M. Cavanaugh　　　　
　　　　　　　　　　　　　　　　　　　　　　　　Dennis M. Cavanaugh, U.S.D.J.

Date:　　　　April  13 , 2009
Orig.:　　　　Clerk
cc:　　　　　All Counsel of Record
　　　　　　　Hon. Mark Falk, U.S.M.J.
　　　　　　　File